## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

GARY GAYLOR,                              )
an individual,                           )
                                         )
      Plaintiff,             )
v.                                       )     Case No.:
                                         )
INLAND WESTERN DALLAS                    )
LINCOLN PARK LP, LLC,                    )
a Delaware Limited Liability Company,    )
                                         )
      Defendant.             )
_____  )

## COMPLAINT

Plaintiff, GARY GAYLOR through his undersigned counsel, hereby files this Complaint and sues INLAND WESTERN LINCOLN PARK LP, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121.001 *et seq.*, (Chapter 121) and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"), and Tex. Hum. Res. Code Ann. § 121.001 *et seq.* This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendant's Property, which is the subject of this action, is located in Dallas County, Texas.

3.      Plaintiff, GARY GAYLOR, (hereinafter referred to as "MR. GAYLOR" or "Plaintiff"), is a resident of Georgia.

4.      MR. GAYLOR visits Texas once or twice a year for vacation and to visit friends and family there.  MR. GAYLOR is also looking for property in Texas as he is thinking of relocating to Texas in the next year.

5.      MR. GAYLOR is a qualified individual with a disability under the ADA.  MR. GAYLOR was diagnosed with Multiple Sclerosis (MS) in 2005 and is disabled.

6.      MR. GAYLOR's disability, at all times material hereto, impairs his ability to walk, a major life activity, and requires him to use a cane and/or a wheelchair to ambulate.

7.      Defendant, INLAND WESTERN LINCOLN PARK LP, LLC, a Delaware Limited Liability Company (hereinafter referred to as "Defendant"), is registered to do business in the State of Texas.  Upon information and belief, Defendant is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Lincoln Park, generally located at 7700 W. Northwest Highway, Dallas, Texas 75225.

8.      All events giving rise to this lawsuit occurred in the Northern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

9.      Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

10.     The Property, a shopping center, is open to the public and provides goods and services to the public.

11.     Plaintiff visited the Property and attempted to utilize the facilities offered at the Property and plans to return to the Property in the near future.

2

12.     During his visit, MR. GAYLOR experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in paragraph 15 of this Complaint.

13.     MR. GAYLOR continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in paragraph 15 which still exist.

14.     MR. GAYLOR plans to and will visit the Property once the barriers discussed in paragraph 15 and any other barriers have been removed.

15.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

>       A.      inaccessible parking throughout the Property due to excessive slopes within the parking spaces designated as accessible;

>       B.      inaccessible curb cuts throughout the Property due to excessive slopes and excessive side flares; and

>       C.      inaccessible routes and sidewalks throughout the Property due to narrow paths of travel and excessive slopes.

16.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17.     Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers

to access stated herein have been remedied.

18.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

19.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## COUNT II
## (VIOLATION OF CHAPTER 121 OF THE TEXAS HUMAN RIGHTS CODE)

21.     Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

22.     Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state." Tex. Hum. Res. Code Ann. §121.001.

23.     Chapter 121.003 (d)(1) prohibits any failure to comply with Article 9102 of the Texas Civil Statues, which is identical to the federal regulations controlling the ADA known as the ADA Accessibility Guidelines (ADDAG).

24.     Further, each violation of Chapter 121.004(b) provides for a conclusive presumption of damages of least $100 to the person with a disability.

25.     Defendant's barriers to access as discussed herein have denied and continue to deny, the Plaintiff the opportunity to equally participate in or benefit from the goods, services, and accommodations afforded to other individuals, thus violating Chapter 121.Tex. Hum. Res. Code Ann, § 121.001, and entitling Plaintiff to injunctive and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.     That the Court declare that the Property owned, leased, leased to and/or operated by Defendant is in violation of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

F.     That this Court issue a Declaratory Judgment that the Defendant has

violated the Chapter 121 of the Texas Human Resources Code.

G.     That this Court orders the Defendant to alter the aforesaid premises to make such facilities accessible to and usable by individuals with disabilities to the extent required by the Chapter 121 of the Texas Human Resources Code.

H.     That this Court award Plaintiff Statutory damages from the Defendant pursuant to Chapter 121 of the Texas Human Resource Code.

I.     That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Respectfully Submitted,

By:  */s/ Jeff A. Wells*          .
          Jeff A. Wells, Esq.
          Texas Bar No. 24056511
          Local Counsel
          Wells Crosland, PLLC
          12225 Greenville Ave., Suite 700
          Dallas, Texas 75243
          Phone: (214) 810-5529
          Fax: (866) 277-4589
          jeff@wellscrosland.com

          and

          Louis I. Mussman, Esq.
          Florida Bar No. 597155
          Ku & Mussman, P.A.
          12550 Biscayne Blvd., Suite 406
          Miami, FL 33181
          Tel: (305) 891-1322
          Fax: (305) 891-4512
          Louis@KuMussman.com

          *Attorneys for Plaintiff*